E-FILED
Tuesday, 12 September, 2006  10:20:43 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CARL E. WILLIAMS,
    Plaintiff,

    vs.                                    No. 06-1205

DR. RAVANIM, et.al.,
    Defendants.

ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Carl Williams, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. The plaintiff has named eight defendants including doctors Ravanim, Rankin, Gillis, Shaw and Svobado; Health Care Administrator Lois Mathes; Illinois Department of Corrections Director Roger Walker and Administrative Review Board Member Jackie Miller.

Specifically, the plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The plaintiff must pass both an objective and a subjective test in order to establish that the lack of appropriate medical care violated the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 346 (1981); Wilson v. Seiter, 501 U.S. 294, 297 (1991). The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. Id. The plaintiff must also show that the Defendants acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." Mathis v. Fairman, 120 F.3d 88, 91 (7th Cir. 1997)(citing Farmer at 840-42).

Allegations of negligence or medical malpractice do not state an Eighth Amendment claim. Ford v. Page, 2001 WL 456427, at 6 (N.D.Ill. April 27, 2001). "Further, dissatisfaction or disagreement with the method of treatment or inability to effect a final cure does not constitute an Eighth Amendment claim of deliberate indifference. Also, mere differences of opinion among medical personnel regarding a patient's appropriate treatment do not give rise to deliberate indifference." Jones v. Natesha,151 F.Supp.2d 938, 945 (N.D.Ill.,2001), *citations omitted*.

However, "proof of deliberate indifference may be found where a prison official intentionally denies or delays access to medical care or intentionally interferes with the treatment

1

once prescribed. Amendment claim." <u>Jones</u>,151 F.Supp.2d at 945 *citing* <u>Ford</u>, 2001 WL 456427 at 6.

The plaintiff alleges that on September 14, 2004, he was sent to an outside hospital for a sonogram.  The plaintiff says a tumor was detected and he was scheduled to see a urologist.  The plaintiff has provided a copy of the report.  It appears the doctor was not sure whether the mass detected was a tumor or not.  It is also not clear what follow-up treatment was recommended.  Nonetheless, the court will not attempt to interpret a medical record and will assume the statements of the plaintiff are correct.

The plaintiff says the doctors refused to provide him the necessary care and he has continued to experience pain.   The plaintiff says he also made repeated requests to Defendant Mathes for additional treatment, but she refused his requests.  It is not entirely clear how Defendants Walker or Miller are liable for the plaintiff's claims.  However, the plaintiff is proceeding pro se and he did file grievances and no action was taken by either defendant to obtain medical care for the plaintiff.  The court finds the plaintiff has adequately alleged a violation of his Eighth Amendment rights against the named defendants.

It is not clear whether the plaintiff was intending to sue the defendants in their individual and official capacities, but the court finds the plaintiff has failed to state any official capacity claim.  In order for the plaintiff to succeed on an official capacity claim under §1983  he must allege that he suffered injuries of a constitutional magnitude as the result of an official policy, custom, or practice. <u>Monell v. Department of Social Servs</u>., 436 U.S. 658 (1978).   The plaintiff makes no such allegations in his complaint.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claim: the defendants violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.  The claim is against the defendants in their individual capacities only.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on the federal claim identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) The clerk of the court is directed to attach plaintiff's exhibit #1 [d/e 5] to his complaint for service on the defendants.**

**5)  A  Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this   12th     Day of September,  2006.


**s\Harold A. Baker**

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3