UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CARL E. WILLIAMS,
   Plaintiff,

vs.                                    No. 06-1205

DR. RAVANIM, et. al.,
   Defendants

## CASE MANAGEMENT ORDER

     This cause is before the court for case management and consideration of various pending motions including: 1) the plaintiff's motions to amend and supplement his complaint [d/e 63, 75]; the plaintiff's discovery motions [d/e 56, 57, 58]; the parties motions to extend the discovery and dispositive motion deadlines [d/e 76, 78, 79] and the plaintiff's motion for leave to file a summary judgment motion.[d/e 70]

### I. BACKGROUND

     Unfortunately, the record before this court is somewhat confused. The plaintiff filed his original complaint on August 14, 2006, pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. The plaintiff had named eight defendants including doctors Ravanim, Rankin, Gillis, Shaw and Svobado; Health Care Administrator Lois Mathes; Illinois Department of Corrections Director Roger Walker and Administrative Review Board Member Jackie Miller.

     The court conducted a merit review and found the plaintiff had alleged that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The claim was against the defendants in their individual capacities only.

     Specifically, the plaintiff alleged that on September 14, 2004, he was sent to an outside hospital for a sonogram. The plaintiff said a tumor was detected and he was scheduled to see a urologist. The plaintiff claims the defendants refused to provide him the necessary care and he continued to experience pain. The plaintiff attached several documents to his complaint that did not necessarily support his claims. It appeared the plaintiff was given several sonograms and there was no clear indication of a tumor. Nonetheless, the court could not say that it appeared "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972), *reh'g denied*, 405 U.S. 948 (1972).

On April 27, 2007, the plaintiff filed a motion to amend his complaint. [d/e 42] The plaintiff said he wanted to add a new defendant, Wexford Health Source, as well as Jane and John Doe defendants. Unfortunately, the plaintiff did not clearly state whether he intended to pursue some of his original claims, nor did he clearly state claims against each defendant. The plaintiff's motion for leave to amend was granted, but the proposed complaint was stricken. *See* June 6, 2007 Court Order. The plaintiff was given 30 days to file an amended complaint. The plaintiff complied with the court order.

## II. AMENDED COMPLAINT

The plaintiff's amended complaint [d/e 61] was filed against 13 defendants: the original eight defendants and five new defendants including Dr. Sylvia Mahone, Dr. Zhang, Wexford Health Sources, Wexford Collegial Review Board, and two John Doe Regional Directors. Although the new complaint was filed and the new defendants were added to the lawsuit, no Notice of Lawsuit or Waiver of Service was sent to the new defendants. To add to the confusion, the docket indicated that most of the new defendants were represented by counsel. None of these defendants have been served, and none of the defendants are represented by counsel. In addition, the plaintiff has now filed several additional motions and letters with the court asking to "supplement" his amended complaint" with the names of the John Doe defendants [d/e 54, 63, 75].

The plaintiff's amended complaint repeats his claim that the defendants were deliberately indifferent to his medical condition when they failed to provide care for his serious medical condition. The plaintiff also adds a claim that the medical defendants conspired to deny him medical care.

## III. DEFENDANTS

The plaintiff has adequately stated a claim against the five original defendants and against three new defendants Dr. Zhang, Sylvia Mahone and Wexford Health Sources. The clerk of the court will be directed to send Notice of Lawsuit and Waiver of Service to these defendants. The status of the remaining defendants is reviewed below.

A.  DEFENDANTS GILLIS AND RAVANIM

The court has had difficulty serving these two defendants since the plaintiff filed his initial lawsuit. The clerk of the court initially sent out Notices of Lawsuit and Waivers of Service on September 18, 2006. It was then discovered that five defendants no longer worked at Hill Correctional Center. On September 26, 2006, the clerk of the court resent the waivers and notices to the revised addresses provided by the Illinois Department of Corrections. On November 11, 2006, the waiver of service sent to Dr. Ravanim was returned to the court marked: "Return to Sender- Attempted, Not Known- Unable to Forward." [d/e 25] The plaintiff was notified and

reminded that:

> Ultimately it is the plaintiff's responsibility to locate and effect service on the defendants pursuant to Fed.R.Civ.P. 4. Each defendant must be served within 120 days of the date the complaint was filed. The court may dismiss the complaint as to any defendant not served within that time period. [d/e 26].

The court set this case for hearing to determine the status of the only two defendants who were still not in the case: Dr. Ravanim and Dr. Gillis. During the hearing, defense counsel again provided the last known addresses for these two individuals to the court. *See* December 11, 2006 Text Order. The clerk was instructed to again attempt to send notice and summons to Dr. Gillis. These documents were also returned to the court marked: "Not Deliverable as Addressed- Unable to Forward." [d/e 33].

On March 1, 2007, the court granted the plaintiff's motion for additional time to serve these two defendants. The court also ordered the U.S. Marshal's Service to attempt personal service upon Dr. Ravanim and Dr. Gillis. Only Defendant Gillis lived within the Central District of Illinois. On April 4, 2007, the court noted that the U.S. Marshals had not served either defendant. The summons for Dr. Gillis was returned un-executed on May 15, 2007. [d/e 51]. The U.S. Marshal indicated that he was unable to locate this individual. The court had no further addresses or information concerning Dr. Gillis' location.

On June 6, 2007, the court dismissed Dr. Gillis for lack of service. *See* June 6, 2007 Text Order. Nonetheless, the plaintiff has still listed Dr. Gillis as a defendant in his Amended Complaint. The plaintiff has also sent a letter to the court asking to be allowed to reinstate this defendant. [d/e 59]. The plaintiff says since he has added Wexford Health Services to his complaint, he believes that he can provide more information about the location of this defendant. This case has been pending for more than a year and a half and the plaintiff has not provided any further information about the location of this defendant. In addition, the court has tried repeatedly to serve this defendant without success. For clarification of the record, the court will again order the Clerk of the Court to dismiss this defendant for lack of service.

As for Dr. Ravanam, the court agreed to allow one last brief extension for service. The U.S. Marshal returned the summons un-executed. [d/e 81]. It has recently come to the court's attention that this defendant was served in another pro se prisoner lawsuit. The address provided to the Clerk of the Court in this lawsuit was the defendant's last known work address. The defendants did not provide the last known home address as requested. Therefore, the court will order the clerk of the court to send a Notice of Lawsuit and Waiver of Service to the new address. Defense counsel is advised that if the documents are not returned to the court in a timely manner, the court will once again order the U.S. Marshals to personally serve this defendant and to the extent authorized by the Federal Rules of Civil Procedure, will require the doctor to pay the full

3

cost of such service.

B. WEXFORD COLLEGIAL REVIEW BOARD AND REGIONAL DIRECTORS

The plaintiff's amended complaint also seeks to add two unknown Wexford Regional Directors and the "Wexford Collegial Review Board" as defendants. (Plain. Amended Comp., p. 1) The plaintiff maintains that the these individuals were responsible for reviewing any medical authorizations for Wexford. The plaintiff also says he can now identify the members of the review board as Dr. Arthur Funk, Dr Emil Damdeff and Dr. Robin Schreckengust and asks to add their names as defendants. [d/e 63, 75].

The motions are denied and the court will dismiss the claims against the Regional Directors and the Wexford Collegial Review Board. The plaintiff says he is naming these board members because they are the final decision makers for Wexford Health Services and he believes their policy decisions and practices lead to his denial of medical care. The plaintiff has already named Wexford as a defendant in this case and is suing Wexford in its official capacity. Neither the plaintiff's complaint nor his additional motions to supplement state claims against Dr. Funk, Dr. Damdeff and Dr. Schreckengust as individuals. In addition, the Collegial Review Board is not a proper defendant in a §1983 action. Finally, the plaintiff is again advised that the court will not allow piecemeal amendments to his complaint.  The plaintiff has named the proper defendants. This case is now more than a year and a half old and must proceed.

IV. DISCOVERY MOTIONS

The plaintiff has filed two motions asking the court to order the defendants to admit facts stated in his "Request to Admit." [d/e 56, 57] The motions are denied. First, the defendants say they have responded to the plaintiff's discovery request and admitted those facts which are not in dispute. Second, the "facts" the plaintiff asks the court to order the defendants to admit are not appropriate requests since they concern clearly disputed issues.

The plaintiff has filed a motion to compel discovery from Defendant Dr. Svoboda. [d/e 58]. The plaintiff says he cannot read the names on certain documents and has asked this defendant to clarify who signed each document.  The defendant responds that the plaintiff filed his motion without giving him an opportunity to respond. The defendants have now provided a response. The motion is denied.

The plaintiff has filed a motion for "Leave to File Motion for Summary Judgement." [d/e 70]. The motion is denied.  First, the plaintiff filed his motion before the deadline for filing dispositive motions had expired so he does not need leave of the court to proceed. Second, the plaintiff did not attach an appropriate summary judgment motion for the court's consideration.  The plaintiff must follow Rule 56 of the Federal Rules of Civil Procedure and the local rules, CDIL-LR

7.1, if he wishes to file a dispositive motion.

The parties motions for additional time to complete discovery and file dispositive motions are granted. [d/e 76, 78, 79]

CONCLUSION

The plaintiff's amended complaint properly alleges that Defendants Dr. Ravanim, Dr. Rankin, Dr. Shaw, Dr Svobado, Dr. Mahone, Dr. Zhang, Wexford Health Sources, Health Care Administrator Mathes; Illinois Department of Corrections Director Walker and Administrative Review Board Member Miller violated his constitutional rights. The plaintiff has two surviving claims:

1) All of the named defendants violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition; and
2) Dr. Ravanim, Dr. Rankin, Dr. Shaw, Dr Svobado, Dr. Mahone and Dr. Zhang conspired with Wexford Health Source to deprive the plaintiff of his Eighth Amendment rights.

The court will dismiss Defendant Gillis for lack of service. The court will order the clerk of the court to provide Notice of Lawsuit and Waiver of Service to Defendants Dr. Zhang, Dr. Mahone, Dr. Ravanam and Wexford Health Sources. The court will set this case for further hearing to determine if all the defendants have been served. In addition, the court will extend the discovery and dispositive motion deadlines.

**IT IS THEREFORE ORDERED that:**

**1) The Clerk of the Court is directed to dismiss Defendant Jacinta Gillis for lack of service. The clerk is also directed to dismiss Defendants Wexford Collegial Review Board and the Regional Directors for failure to state a claim upon which relief can be granted.**

**2) The Clerk of the Court is ordered to send a Notice of Lawsuit and Waiver of Service to the home address for Dr. Ravanam. Defense counsel is advised that if the documents are not returned to the court in a timely manner, the court will once again order the U.S. Marshals to personally serve this defendant and to the extent authorized by the Federal Rules of Civil Procedure, will require the doctor to pay the full cost of such service.**

**3) The Clerk of the Court is also ordered to send a Notice of Lawsuit and Waiver of Service to Defendants Dr. Zhang, Dr.Mahone and Wexford Health Sources**.

**4) The plaintiff's motions to further supplement his complaint are denied. [d/e 63 , 75] The plaintiff's surviving claims include:**

> **a) Defendants Dr. Ravanim, Dr. Rankin, Dr. Shaw, Dr Svobado, Dr. Mahone, Dr. Zhang, Wexford Health Sources, Health Care Administrator Mathes; Illinois Department of Corrections Director Walker and Administrative Review Board Member Miller violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition; and**
> **b) Dr. Ravanim, Dr. Rankin, Dr. Shaw, Dr Svobado, Dr. Mahone and Dr. Zhang conspired with Wexford Health Source to deprive the plaintiff of his Eighth Amendment rights.**

**5) The plaintiff's motions asking the court to order the defendants to admit to specific requests to admit are denied. [d/e 56, 57]**

**6) The plaintiff's motion to compel discovery from Defendant Dr. Svoboda is denied. [d/e 58]**

**7) The plaintiff's motion for "Leave to File Motion for Summary Judgement" is denied. [d/e 70].**

**8) The motions for additional time to complete discovery and file dispositive motions are granted. [d/e 76, 78, 79]   The court will abide by the following deadlines:**

> **a)This case is set for further hearing on the status of defendants on April 25, 2008, at 9:30 a.m. by video conference .  The clerk of the court is to issue a writ for the parties participation in the conference.**
> **b) Discovery must be completed on or before July 18, 2008.**
> **c) Any dispositive motions must be filed on or before July 31, 2008.**

Entered this _____ Day of March, 2008.

                              **s\Harold A. Baker**
                         _____
                                HAROLD A. BAKER
                           UNITED STATES DISTRICT JUDGE